STATE OF NEBRASKA, APPELLEE, v. REUBEN MURRAY, APPELLANT.

192 N. W. 2d 734

Filed December 17, 1971. No. 37905.

Frank B. Morrison and Stanley A. Krieger, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant, Reuben Murray, appeals his conviction for shooting with intent to kill, wound, or maim. He alleges two assignments of error: (1) The insufficiency of the evidence to sustain the conviction; and (2) the overruling of his motion for a mistrial when the testimony of a witness suggested he was selling marijuana. We affirm.

The evidence is more than ample to sustain the conviction. The victim, Arthur Dean Lee, a black male, testified that the defendant, also a black male, in the company of a white man and two white women, entered a party at 4825 Sahler Street, between 3 and 3:30 a.m., November 22, 1969. The defendant and the other three individuals had been at the party previously and had been asked to leave, which they did. Lee, who had been invited, followed the four into the party. After he had been there a short time, he was approached by one of the hosts and asked if he knew the other black male. They were the only two black persons at the party. When he said he didn't, the host asked Lee if he would talk to him, which Lee did. Lee stated that when he approached the defendant he introduced himself and said: " 'Say, man, these people don't know you, so take it easy, you know. Just take it easy.' And he said, 'Okay, everything is cool.' And I turned and walked away."

Lee walked away from the defendant and started to visit with someone else, but heard something and turned

around and saw the defendant pull a gun from his coat which he pointed at him. Someone attempted to grab the gun but defendant pushed him aside and came toward Lee. He attempted to hit Lee with the gun. Lee grappled with him and they both fell over a couch and a shot was fired. They continued to struggle and five more shots were fired. At this time Lee did not know he was shot. Defendant ran out the door with Lee in pursuit, but Lee, who had been shot four times, could not follow. Several of the other witnesses testified to seeing defendant approach Lee with the gun, and to the shooting. When defendant pulled the gun, witnesses testified that he said, "Nobody move."

Defendant testified that Lee told him and his friend to leave, and pushed defendant toward the door. Someone told him Lee had a knife in his pocket. Lee had one hand on defendant's collar and was shaking him. Defendant took out his gun with the intention of hitting Lee, and Lee tried to throw him out the window. He fired no shots until Lee tried to push him out the window. However, the evidence is rather conclusive that Lee had no weapon and defendant was the aggressor.

Defendant's second assignment of error is premised on the overruling of his motion for a mistrial. During the examination of one of the witnesses, she was asked the question as to whether, when the defendant and Lee were talking, she had heard any conversation between the two of them. Her reply was as follows: "Just parts of sentences, like I heard, I think Art said something, 'We don't want any dope.' And they were talking very politely, Art was anyway, and he was asking Reuben to leave. He said that nobody wanted any. Well, he was trying to push some marijuana, he said, he politely told Reuben that no one wanted any." Defendant then made an objection, and a motion for a mistrial. The court overruled the motion for mistrial, but sustained the objection, ordered the answer stricken, and instructed the jury to disregard it. Defendant insists he was preju-

diced by this testimony because it inferred the commission of a totally unrelated crime.

It is a fundamental rule that the evidence of the commission of other crimes than the one for which a defendant is being tried is incompetent, irrelevant, and immaterial, and ordinarily prejudicial to the rights of the defendant. Here, however, the witness was merely reciting what she had heard immediately before the defendant drew a gun and shot the victim. It was a part of the transaction which culminated in the shooting and possibly the reason defendant was requested to leave. In this instance we do not find the evidence erroneous. It was admissible on the question of intent and to show the shooting was not accidental or in self defense. In any event, the court instructed the jury to disregard it. We said in State v. Riley, 182 Neb. 300, 154 N. W. 2d 741: "It is competent for the prosecution to put in evidence all relevant facts and circumstances which tend to establish any of the constituent elements of the crime with which the accused is charged even though such facts and circumstances may prove or tend to prove that the defendant committed other crimes."

The judgment is affirmed.

AFFIRMED.